IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TYRAN LUCKEY, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 23-00167-TFM-N |
| | : | |
| KRISTY GODWIN, *et al.*, | : | |
| Defendants. | : | |
| | : | |

### REPORT AND RECOMMUNDATION

Plaintiff Tyran Luckey, proceeding *pro se*, has filed a civil action, pursuant to 28 U.S.C. § 1983, against Nurse Kristy Godwin, Dr. Elizabeth Low, and Southern Health Partners, Inc. for the discontinuation and/or denial of hormone replacement therapy and for failure to provide mental health treatment while confined as a pretrial detainee at Escambia County Detention Center in violation of the Eighth Amendment. (Doc. 1). In response to the complaint, Defendants Godwin and Low have filed an answer, denying the allegations asserted against them (*see* doc. 15), and Southern Health Partners, Inc. has filed a motion to dismiss the complaint (*see* doc. 16). Defendant Southern Health Partners, Inc.'s motion to dismiss is now before the Court.[1] Upon review of the motion to dismiss and for reasons discussed herein, the undersigned **RECOMMENDS** the motion (doc. 16) be **DENIED**.

### I.    Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief

---

[1] The assigned District Judge has referred this action to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 3).

can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

However, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

Rule 12(b)(6) is read in consideration of Federal Rule of Civil Procedure 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8 does not require detailed factual allegations, it does

demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678. (quoting *Twombly*, 550 U.S at 556).

## II.     Discussion and Analysis

Southern Health Partners, Inc. (SHP), moves this Court to dismiss Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), challenging that Plaintiff failed to "identify or even allege any policy or custom of SHP, or that such a policy was the moving force behind [Plaintiff being denied hormone replacement medication and mental health treatment while confined at Escambia County Detention Center]." (Doc. 17 at 2). The Court disagrees and finds that Plaintiff presents plausible claims for relief based on "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff alleges in the complaint, that when SHP took over providing medical care for Escambia County Detention Center inmates on September 28, 2022, "they stopped all [Plaintiff's] hormone replacement therapy and they stopped all mental health sick calls for all inmate[s]." (Doc. 1 at 4). Despite knowing the opinion of Plaintiff's personal physician, that the hormone replacement therapy and monthly mental health treatment for gender dysphoria were

"medically necessary", both continued to be denied by Defendants. (*Id*.). According to Plaintiff, he was told by Nurse Godwin that SHP said the hormone replacement medication "can't be approved" because the cost of the medication was too high, and SHP would not pay for it and that there was "no longer a mental health doctor because when SHP took over they didn't offer that service." (*Id*. at 5).

Based on these allegations, the undersigned finds Plaintiff states facts sufficient to permit the Court to infer the pleadings set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action against SHP. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007 (*quoting Twombly*, 550 U.S. at 556). That is, the allegations can plausibly be considered to allege that SHP had a policy or custom in place to refuse hormone replacement medication and mental health treatment, given Plaintiff's claim that the denials began at the date SHP took over providing medical care and based on the statements and explanations provided by Nurse Godwin to Plaintiff. Such facts are sufficient to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id*. at 1296. Accordingly, SHP's motion is due to be denied without prejudice.

### III.   Conclusion.

The Court finds Plaintiff has stated well-pleaded factual allegations in accordance with Fed. R. Civ. P. 8. Thus, the undersigned **RECOMMENDS** Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. 16) be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this

Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 16th day of November, 2023.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**